NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMAL AND PARTNERS UK LTD and VASILI EVDOKIMOV,<br><br>          Plaintiffs,<br><br>v.<br><br>PODHURST ORSECK P.A., STEVEN C. MARKS, and THE BANK OF NEW YORK MELLON,<br><br>          Defendants. | Civil Action No.: 11-05260 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court on a motion to dismiss for failure to state a claim (Docket Entry No. 7) by Defendant Bank of New York Mellon ("Defendant" or "BNYM"). This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## I. BACKGROUND

Plaintiffs filed the instant action to recover attorneys fees arising from a litigation prosecuted against BNYM by Defendants Podhurst Orseck ("Podhurst"), Steven C. Marks ("Marks"), and Plaintiffs on behalf of the Federal Customs Service of the Russian Federation. (Def.'s Br., 2). In that case, the Federal Customs Service of the Russian Federation ("FCS") sued BNYM for alleged violations of the United States Racketeer Influenced and Corrupt

1

Organization Act, 18 U.S.C. § 1961 et. seq., commonly known as RICO. (Pl.'s Opp'n to Mot., at 2). Plaintiffs represented the FCS in the action and retained Podhurst and Marks to act as local counsel. (Pl's Opp'n to Mot., at 2-3). That case was litigated in a Russian Arbitrazh Court in 2007 and ultimately resulted in a settlement ("Settlement Agreement"). (Compl. ¶13; Pl's Opp'n to Mot., at 2-3)

As per the Settlement Agreement, dated October 21, 2009, BNYM paid the FCS $14 million, which was deposited in a trust account maintained by Podhurst. (Def.'s Br., 2; Certif. of Michael Merley, Ex. 1, ¶ 12). As stated by BNYM, "[the Settlement Agreement] did not contain any provisions regarding the distribution of that $14 million among Podhurst, Marks and the [p]laintiffs; BNYM's only obligation under the settlement agreement with respect to the payment was to ensure that it was made to the specified account within the specific time period." Id.

The FCS also entered into a separate agreement with Podhurst and Marks ("Release") dated October 21, 2009, whereby the FCS agreed, in relevant part, to accept $14 million "as full and complete compensation for Attorneys' fees, costs, expenses and liabilities accrued from or incurred in relation to [the underlying action]" and that Podhurst was "responsible for paying the fees and costs of all other Attorneys who have a fee interest in the case." (Def's Reply, 3; Certif. of Michael Merley, Ex. 3). Additionally, on July 7, 2009, Podhurst, Marks, and the Plaintiffs entered into an agreement regarding payment of fees incurred in representing the FCS ("Fee Agreement"). (Compl. ¶11-12; Certif. of Michael Merley, Ex. 2). Notably, BNYM was not a party to either the Fee Agreement or the Release.

In the instant action, Plaintiffs allege that they were never made aware that the money was transferred to Podhurst and "after diligent request from Defendants regarding the status of

settlement funds due them, BNYM responded on or about March 23, 2010 that money was transferred to Podhurst Orseck almost half a year earlier." (Pl. Opp'n to Mot., 3; Ex. B). After receiving BNYM's response, Plaintiffs sent an additional letter informing BNYM of Plaintiffs' belief that "they were misled about the amount of settlement and the date and entity that would be transferring it." (Pl. Opp'n to Mot., 3; Ex. C).

On September 13, 2011 Plaintiffs filed the present action based on the following: Count I, conversion; Count II, fraud; Count III, breach of contract; Count IV, breach of fiduciary duty; Count V, breach of duty of loyalty; Count VI, negligence; Count VII unjust enrichment. Subsequently, BNYM's counsel sent Plantiffs' counsel a letter which noted "the patent deficiencies in the complaint and the application of Rule 11, but plaintiff's counsel refused to voluntarily dismiss BNYM from the action." (Def.'s Br., 3).

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it

3

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

### III. DISCUSSION

Plaintiffs contend that "BNYM transferred money without Plaintiffs' knowledge or consent to Podhurst Orseck." (Pl.'s Opp'n. at 2-3). Plaintiffs argue that BNYM "had an affirmative duty to disclose the transfer of money to Plaintiffs since it was aware that Plaintiffs represented [the Federal Customs Service of the Russian Federation] in this matter." (Pl.'s Opp'n, 3). However, Plaintiffs neither point to any language in any of the agreements executed nor any authority to support the contention that BNYM had any affirmative duty.

The Settlement Agreement states that the laws of the State of New York Shall govern. (Certif. of Michael Merley, Ex. 1, ¶ 13). Under New York law, "settlement agreements are contracts interpreted 'according to general principles of contract law.'" Wal-Mart Store, Inc. v. Visa U.S.A., Inc., 129 Fed. Appx. 675, 677 (2d Cir. 2005). "The Court must construe the agreement in accordance with the intent of the parties, giving unambiguous words their plain meaning. If the agreement is unambiguous, the court is 'required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning.'" Hughes v. Lillian Goldman Family, LLC, 153 F. Supp. 2d 435, 445 (S.D.N.Y. 2001) (citations omitted).

Here, the Settlement Agreement is unambiguous and thus the Court will interpret the contract as written. As per its clear language, the Settlement Agreement released claims against

BNYM on behalf of the FCS,[1] and there is no indication that counsel maintained individual claims against BNYM. Rather, Plaintiffs' sole interest was in fees. However, the Settlement Agreement did not concern attorney's fees. With regard to payment, it only required that BNYM pay a certain sum within a certain time, and BNYM complied.

Plaintiffs additionally allege that their claims were never released as Plaintiffs were not a party to the Release executed by the FCS and Podhurst. As discussed above, FCS and Podhurst executed a Release which provided that Podhurst was responsible for paying the fees and costs of all other Attorneys with a fee interest in the litigation. Thus, Plaintiffs' argument that BNYM should not be dismissed because Plaintiffs were not a party to the Release is without merit, as they did not have any claims against BNYM and BNYM was not a party to the Release directing that Podhurst distribute fees.

In addition, Defendant argues that "[a]s the Court can see from a review of the complaint, any dispute that exists is among plaintiffs and defendants Podhurst Orseck P.A. [] and Steven Marks. BNYM has no connection whatsoever to any of the misconduct plaintiffs allege against these defendants." (Def.'s Br. 1). Significantly, none of the seven Counts in Plaintiffs' Complaint are directed toward BNYM or allege any misconduct on BNYM's part. The Court agrees with BNYM in this regard. The only mention of BNYM appears in Plaintiffs' negligence cause of action, Count VI, whereby Plaintiffs state that "at all times mentioned herein, [Podhurst] and / or [BNYM] caused the funds in their account to be deposited to them and not Plaintiffs."

---

[1] The relevant language provide as follows: "FCS does hereby settle, remise, release acquit, satisfy and forever release the Bank and the Bank's representatives . . . of and from any and all actions, causes of actions, suits, debts, sums of money, accounts, bills, covenants, controversies, agreements, contracts, promises, damages . . . judgments, executions, claims, liabilities and demands, whatsoever, at law and in equity . . . ." (Certif. of Michael Merley, Ex. 3, ¶8b).

(Compl. ¶ 46). However, as discussed above, the terms of the Settlement Agreement which BNYM and FCS executed required BNYM to do so. Indeed, Plaintiffs concede that fact. Simply put, under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs cannot maintain an action against BNYM where they neither allege misconduct on BNYM's part nor assert a cause of action against BNYM.

Plaintiffs additionally argue that they must be entitled to seek discovery from BNYM to determine the facts and circumstances surrounding the settlement agreement and release and the facts and circumstances surrounding transfer of funds to which Plaintiffs argue they are entitled. However, the Court reiterates that Plaintiffs do not allege any misconduct nor purport to bring a cause of action against BNYM. Despite the fact that if dismissed BNYM will no longer be a party to the litigation, that alone does not preclude Plaintiffs from obtaining information from BNYM in order to proceed against remaining Defendants. See generally Federal Rule of Civil Procedure 45.

## IV. CONCLUSION

Therefore, for the reasons stated above, Defendant BNYM's motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) is GRANTED. Accordingly, any of Plaintiff's claims that can be construed as against BNYM are dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Dated: November 29, 2011

Jose L. Linares
United States District Judge